IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Boards of Trustees of Ohio
Laborers' Fringe Benefit
Programs,

        Plaintiffs,

   v.

Konstanzer Masonry, Inc.,

        Defendant.

Case No. 2:11-cv-841

JUDGE GEORGE C. SMITH

Magistrate Judge Kemp

## OPINION AND ORDER

Plaintiffs' complaint seeks recovery of unpaid contributions from the defendant in the amount of $11,415.18 from the date of March, 2011 to July, 2011, along with liquidated damages and interest, an additional amount for other unpaid contributions for the period from January 1, 2011 to the date of judgment, interest and liquidated damages on those amounts, a permanent injunction against further failures to file reports and make monthly contributions, and attorneys' fees. Defendant's default has been entered for failure timely to move or plead. Plaintiffs have filed a motion for a default judgment asking the Court to enter judgment in the amount of $21,497.15 representing liquidated damages and interest, plus attorneys' fees of $2,102.50 and costs. Plaintiffs continue to request injunctive relief.

As far as the monetary amounts are concerned, the sum owed for interest and liquidated damages is supported by an affidavit from plaintiffs' contractor relations manager and appears to be a correct calculation of those amounts. The Court has also reviewed the affidavit of plaintiffs' counsel and determines that the amount of time spent on this action to date (8.75 hours) and the hourly rate charged ($230.00 per hour) are reasonable. Thus, plaintiffs are entitled to the monetary judgment they seek.

The question of whether injunctive relief is appropriate depends on the strength of the plaintiffs' showing of an irreparable injury. As this Court observed in Boards of Trustees of Ohio

Laborers Fringe Ben. Programs v. Maintenance Unlimited Inc., 2006 WL 2988376, *2 ( S.D. Ohio October 17, 2006),

> A court may grant an injunction against an employer who violates an agreement to contribute to a multiemployer benefit fund pursuant to § 1132(g)(2)(E). See Laborers Fringe Benefit Funds Detroit and Vicinity v. Northwest Concrete & Construction, Inc., 640 F.2d 1350, 1352 (6th Cir.1981); Mamula v. Satralloy, Inc., 578 F.Supp. 563, 576 (S.D.Ohio 1983). The prerequisites to the issuance of such an injunction include findings that plaintiffs are threatened by real, irreparable injury for which they do have no adequate remedy at law, and that an injunction does not offend public policy. Northwest Concrete & Construction, Inc., 640 F.2d at 1353.

In Maintenance Unlimited, the Court granted injunctive relief based on a showing that judgments for delinquent contributions had been entered against the same defendant on two prior occasions and that the record of those cases showed that the defendant had not completely complied with the judgments. Additionally, the Court found that the financial stability of the funds could be threatened if contributions were not timely received. Plaintiffs make the same argument about financial stability here, and it is worthwhile to note that other courts have viewed the time and effort which goes into repeated collection actions to be "very difficult or impossible to estimate." See Trustees of IBEW Local 38 Health and Welfare Funds v. GHL Elec., 2010 WL 723774, *5 (N.D. Ohio February 24, 2010); see also Boards of Trustees for the Ohio Laborers' Fringe Benefit Programs  Boards of Trustees for the Ohio Laborers' Fringe Benefit Programs v. Savcon, Inc., 2011 WL 2633184 (S.D. Ohio July 5, 2011).

     Here, plaintiffs represent that one prior case has been filed against this same defendant which resulted in the entry of a default judgment after the defendant failed to appear. The Court's record in that case, Civil No. 2:10-cv-862, does not indicate that the judgment has been paid, and recently plaintiffs have had to seek a court order directing defendant to respond to discovery pertinent to collection of the judgment. Now, plaintiffs have had to file another action to recover a judgment for additional contributions, and they represent that despite the filing of these cases, defendant has still failed to submit timely monthly reports, with the reports for January, 2011 through August, 2011 having been submitted late, and the reports for September and October, 2011 not having been submitted at all. These facts are sufficient to justify the issuance of an

injunction.

For these reasons, plaintiffs' motion for default judgment (Doc. 6) is **GRANTED**. The Clerk shall enter judgment against defendant in the amount of $21,497.15, with interest to run at the contract rate, plus attorneys' fees in the amount of $2,102.50. Further, the defendant is hereby **ORDERED** to make all future contributions, and file all monthly reports, in accordance with the applicable collective bargaining agreement. This case is **TERMINATED** upon the entry of judgment.

**IT IS SO ORDERED.**

*/s/ George C. Smith*

George C. Smith
United States District Judge